WRIGHT, J.
The case made in the pleading and proof is this. Burnet and one Bailey, now dead, jointly purchased land of the United States, undei, an agreement between them, that, moneys received upon sales, should be applied by Bailey to pay ofl: the lands at the office; but Bailey sold the lands, received moneys, and •died insolvent, not having applied the proceeds to pay up for them •according to his agreement, and Burnet was compelled to pay *650 bimself. The land in question was sold by Bailey for himself and Burnet to the assignor of the complainants, and a bond given for a deed which is lost — the purchase-money has all been paid to Bailey. After Bailey’s death, Burnet conveyed to Worthington,, who had notice that the complainants had some claim. He brought ejectment and recovered. The vendee of Bailey and his assignees-had been in possession since the purchase, andhad improved. They now seek an injunction against the judgment in ejectment, and a. conveyance.
The defendants insist the sale by Bailey, was by a tenant in-common, without authority as to his co-tenant, and effective only as to his undivided interest. The position taken is a sound one, that an unauthorized sale by a tenant in common of the entire estate-is good only so far as he himself had interest to convey. Was the-sale by Bailey of Burnet’s interest in the land without authority when made? and has it remained without his sanction since? The-weight of the evidence is decidedly in accordance with the assumption, both that Bailey had authority to sell when he made the contract; and that the contract has been sustained and admitted since,, attended with a promise of a deed. From our personal knowledge of the defendants, we are perfectly confident neither of them would refuse to execute any contract they remembered to have made, nor interpose any obstacle in the way of justice. But it seems to us-clear on the proof, unless we give to Mr. Burnet’s evidence much more credit than we accord to other witnesses standing before us without interest and unimpeached, that they are mistaken in the-state of fact — a mistake no doubt resulting from defect of memory, or the distraction of other cares and business. This imputes blame-630] *to no one — any other way of disposing of the evidence would suppose the presence of perjury.
In this view there seems little for us to do. Worthington took the title from Burnet with knowledge that the complainant had a claim in equity. Burnet conveyed it subject to the sale and subject to its equity. The title is, therefore, held in trust for the complainants, and must be decreed to them, if they have paid up. If' there is any serious claim that the purchase-money has not all been paid, we will order a master to inquire, if desired. No request of that kind was made, and the decree was made for the complainants..